CUBAN COMMERCIAL AND INDUSTRIAL COMPANY, Respondent, *v.* THE RICHMOND FIRE INSURANCE COMPANY, Appellant.

*Insurance — construction of indorsements on pol'cy of fire insurance suspending insurance on certain merchandise while it was covered by other insurance.*

Cuban Comcl. & Industrial Co. v. Richmond F. Ins. Co., 211 App. Div. 846, affirmed.

(Argued May 7, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 27, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover upon a policy of fire insurance. The question was as to the proper construction of the following indorsements on the policy. " In consideration of the premium recited in this policy and other valuable considerations, it is herewith understood and agreed that no claim for premium of whatever nature shall be made under this policy in respect to any sugars that shall at any time come under the coverage of the Special Policy issued in conjunction with the so-called Cuban Sugar Finance Syndicate." " In consideration of the premium for which this policy is written, and other valuable considerations, it is herewith further understood and agreed that should any sugars of the assured at any time during the life of this policy be covered by insurance for the account of the Cuban Sugar Syndicate Corporation coincidentally and simultaneously with their release by the said Cuban Sugar Syndicate Corporation this policy shall then automatically cover such sugar so released." The sugars insured by the policies were on May 10, 1918, pledged to the Cuban Sugar Syndicate Corporation and, in accordance with the plan and requirements for the syndicate, were covered by insurance policies for the account of the syndicate, during the life of the loan. The loan was wholly repaid by August 8, 1918, and the pledged sugars were released by the syndicate, the warehouse

receipts surrendered and the insurance certificates covering the sugar for the account of the syndicate as pledgee and of the owner as pledgor were surrendered to the insurers. The fire occurred September 8, 1918.

*Milo Otis Bennett, Paul D. Compton* and *William Otis Badger, Jr.,* for appellant.

*W. Calvin Chesnut, William S. Sinclair* and *Bruce Ellison* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

AUGUST G. CLAMBOUR, Respondent, *v.* GERSETA COR-
PORATION, Appellant.

*Contract — sale — action for breach of contract for purchase of mer-chandise — defense that seller had failed to notify purchaser of readiness to deliver as to part of merchandise purchased.*

*Clambour* v. *Gerseta Corporation,* 210 App. Div. 398, affirmed.

(Argued May 7, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 2, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was for breach of contract for failure to accept fifty bales of raw silk under a contract of sale entered into between Takata & Co., plaintiff's assignor, and the defendant, to be delivered ten bales at a time. One of the rules of the Silk Association of America, which was made a part of the contract, is as follows: " Seller should notify buyer of readiness to deliver in accordance with contract terms of delivery and buyer is under equal obligations to call for silk when due him, but inadvertent failure of either party to tender or call for delivery shall not void contract where readiness to deliver can be proved." The answer set up as a defense that the seller in breach of its agreement failed to notify it during July of readiness to deliver said raw silk in accordance with the terms of